*State v. Parkway Cleaners*, No. 480-7-10 Wncv (Teachout, J., July 25, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                          **CIVIL DIVISION**
**Washington Unit**                                                **Docket # 480-7-10 Wncv**

**STATE OF VERMONT**
**AGENCY OF NATURAL RESOURCES**

   **v.**

**PARKWAY CLEANERS, et al.**

### DECISION
**Mr. Daniels' Motion for Default Judgment against Paul Gendron (MPR 47);**
**Mr. Daniels' Motion for Default and Judgment against Sandra Gendron (MPR 48);**
**Mr. Daniels' Motion for Attorney Fees against Paul Gendron, Sandra Gendron (MPR 49);**
**and Mr. Daniels' Motion for a Stay Pending Appeal (MPR 50)[1]**

Following a damages hearing, the court entered final judgment against Mr. Daniels and in favor of the State on April 10, 2018. At the beginning of the first day of the hearing, April 20, 2017, the court granted Mr. Daniels' motion for an entry of default on Mr. Daniels' cross-claim for statutory contribution or indemnity against Paul Gendron. Default judgments against Paul Gendron had been entered in favor of the State and the Fournier Defendants on June 11, 2015. Following the final judgment against Mr. Daniels, he sought a default judgment against Paul Gendron. He also sought *for the first time* an entry of default for Sandra Gendron and a default judgment against her on his cross-claim for contribution and indemnity. Separately, Mr. Daniels has filed a motion for a stay pending appeal, V.R.C.P. 62(d). The State opposes any stay and takes no position on the other pending motions.

*Default Judgment re Paul Gendron*

Mr. Daniels' motion for a default judgment against Paul Gendron, including the motion for attorney fees (as to Paul Gendron only), is granted. Paul Gendron never appeared or defended in this case, whether in relation to the State's claim against him or any cross-claim filed by the other defendants. His default was entered on the State's claim and the Fournier's claim long ago, and default judgments were entered in 2015. Mr. Daniels sought the entry of his default on his own cross-claim against Paul Gendron prior to the damages hearing and it was granted at the beginning of the first day of that hearing. There is no reason to not grant a default judgment at this time.

---

[1] By "Mr. Daniels," the court refers collectively to Richard S. Daniels and Hazen Street Holdings, Inc. By "Paul Gendron," the court refers collectively to Paul D. Gendron, Paul D. Gendron d/b/a Parkway Cleaners, and Parkway Cleaners. By "Sandra Gendron," the court refers collectively to Sandra L. Gendron and Sandra L. Gendron d/b/a Parkway Cleaners.

*Default Judgment re Sandra Gendron*

Sandra Gendron is not in the same posture as Paul Gendron. Sandra Gendron was named as a defendant in the State's complaint, and as a cross-claim defendant to the contribution or indemnity claims filed by both the Fournier Defendants and Mr. Daniels. She filed a notice of appearance and an answer to the State's complaint. She did not file separate answers to the cross-claims, but she did submit a note to the effect that she is divorced, is working several jobs "to survive," and essentially has no resources. During the extremely long time that this case has been pending, she has received copies of filings, has responded to all relevant hearing notices, and has kept the court informed of her contact information.

The State sought the entry of Paul Gendron's default and a default judgment was entered against him on June 11, 2015. The State has *never* sought the entry of default or a default judgment against Sandra Gendron. The Fournier Defendants sought the entry of Paul Gendron's default and a default judgment was entered against him on June 11, 2015. The Fournier Defendants *never* sought the entry of default or a default judgment against Sandra Gendron. Mr. Daniels never sought the entry of Paul Gendron's default until just prior to the damages hearing. That motion was granted at the beginning of the first day of that hearing, April 20, 2017. A final judgment against Mr. Daniels eventually was entered on April 10, 2018. For the first time in the eight years this case has been pending, Mr. Daniels sought the entry of Sandra Gendron's default (and a default judgment) on May 10, 2018.

Mr. Daniels' motions in relation to Sandra Gendron, in the circumstances of this case, come far too late and are procedural unfair. By April 20, 2017, when the damages hearing began, Sandra Gendron had every reason to think that any potential liability against her was no longer an issue in this case. No one had prosecuted any claims against her. No one had sought the entry of her default or a default judgment against her. She had remained at all times a participant in this case. Considering the entire litigation of this case retrospectively, her failure to file a separate answer to Mr. Daniels' cross-claim, and to fail to defend claims that were not being prosecuted against her, is purely technical. The court will not find Sandra Gendron in default where it would as quickly set aside that default were she to ask it to do so. As an authoritative treatise explains, a timely entry of default allows the "defendant in default to appear at a subsequent hearing on the question of damages and contest the amount to be assessed." 10A Wright & Miller, et al., Federal Practice & Procedure: Civil 4th § 2682. The entry of her default now would deprive her of that opportunity. It would be patently unfair. See *Clark v. Pennsylvania R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964) ("One of the prime objectives of [modern procedural rules] is to do away with the old sporting theory of justice and substitute a more enlightened policy of putting the cards on the table, so to speak, and keeping surprise tactics down to a minimum.").

*Mr. Daniels' Motion for a Stay Pending Appeal*

Mr. Daniels seeks a stay pending appeal of the injunction in the final judgment, V.R.C.P. 62(d) or, failing that, a limited stay pending a decision by the Supreme Court on a motion for a stay that Mr. Daniels may address to it, V.R.A.P. 8(a)(2)(A)(ii). The State opposes any such

2

stay.

To determine whether to grant a stay pending appeal, courts generally examine:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

11 Wright & Miller et al., Federal Practice & Procedure: Civil 3d § 2903 (citation omitted).

The court is not persuaded that Mr. Daniels is likely to succeed on the merits of any appeal issues to the effect that the injunctive relief in the final judgment will need to be modified in a material way or by his claims of irreparable injury. More importantly in this case, the third and fourth factors weigh heavily in favor of denying a stay. The cleanup of the site—for the benefit of the public generally and the immediately affected residents specifically—has been long delayed by the unnecessarily protracted litigation of this case, including Mr. Daniels' attempt at avoiding responsibility. The public interest strongly favors avoiding further delay. Mr. Daniels is free to pursue a stay in the Supreme Court.

ORDER

For the foregoing reasons:

(1)  Mr. Daniels' Motion for Default Judgment against Paul Gendron (MPR 47) is *granted*;
(2)  Mr. Daniels' Motion for Entry of Default and Default Judgment against Sandra Gendron (MPR 48) is *denied*;
(3)  Mr. Daniels' Motion for Attorney Fees against Paul Gendron and Sandra Gendron (MPR 49) is *granted* as to Paul Gendron and *denied* as to Sandra Gendron;
(4)  Sandra Gendron is dismissed from this case, no party with a claim against her ever having prosecuted such a claim in a timely manner; and
(5) Mr. Daniels' Motion for a Stay Pending Appeal (MPR 50) is *denied*.

Dated at Montpelier, Vermont this 24th day of July 2018.

_____
Mary Miles Teachout
Superior Judge